UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DONNIE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-578 |
| | ) |
| COMMISSIONER OF | ) Honorable Robert J. Jonker |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB). On December 7, 2014, plaintiff filed his application. He alleged a July 15, 2014, onset of disability. (ECF No. 9-5, PageID.200). His claim was denied on initial review. (ECF No. 9-4, PageID.143-46). On January 23, 2017, plaintiff received a hearing before an ALJ. (ECF No. 9-2, PageID.62-127). The ALJ issued his decision on April 24, 2017, finding plaintiff not disabled. (Op., ECF No. 9-2, PageID.46-54). On March 20, 2018, the Appeals Council denied review (ECF No. 9-2, PageID.32-34), rendering the ALJs decision the Commissioner's final decision.

Plaintiff timely filed his complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should be overturned on the following grounds:

  I.  The ALJ's finding at step three of the sequential analysis is not supported by substantial evidence.

  II.  The ALJ's finding regarding plaintiff's residual functional capacity is not supported by substantial evidence.

  III.  The ALJ's credibility determination is not supported by substantial evidence.

  IV.  The ALJ's finding that plaintiff was not disabled because he was capable of performing his past relevant work as a security guard is not supported by substantial evidence.

(Plf. Brief, 2, ECF No. 13, PageID.556). For the reasons stated herein, I recommend that the Court affirm the Commissioner's decision.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support

a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73; *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion.").

## The ALJ's Decision

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act through June 30, 2019. (Op., 3, ECF No. 9-2, PageID.48). Plaintiff had not engaged in substantial gainful activity on or after July 15, 2014, the alleged onset date. (*Id.*). Plaintiff had the following severe impairments: "multilevel cervical and lumbar degenerative disc disease, and obesity." (*Id.*). Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listing impairment. (*Id.* at 4, PageID.49). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of sedentary work with the following exceptions:

> the claimant can never climb ladders, ropes or scaffolds, kneel, crouch, or crawl. The claimant can occasionally climb ramps and stairs, balance, and/or stoop. The claimant is limited to occasional rotation, flex, and extension of the cervical spine (i.e. neck), and can only frequently reach overhead with the right upper extremity. The claimant is limited to frequent handling, fingering, and feeling with the right upper extremity. The claimant must avoid all exposure to workplace hazards (i.e. moving mechanical parts and work at unprotected heights).

(*Id.*). The ALJ found that plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms were "not entirely consistent with the medical evidence and other evidence in the record[.]" (*Id.* at 5, PageID.50). The ALJ found

-3-

that plaintiff was not disabled at step four of the sequential analysis because he was capable of performing his past relevant work as a security guard. (*Id.* at 8-9, PageID.53-54).

## Discussion

### 1.

Plaintiff's initial claim of error is that the ALJ's finding at step three of the sequential analysis is not supported by substantial evidence. Specifically, plaintiff argues that under SSR 96-6p, the ALJ was required to obtain an expert opinion regarding whether plaintiff medically equaled the requirements of a listing impairment. In addition, he argues that the state agency medical consultant's opinion could not support the ALJ's finding because it was outdated and incomplete. (Plf. Brief, 9-12, ECF No. 13, PageID.563-66; Reply Brief, 2-3, ECF No. 18, PageID.604-05).

The Listing of Impairments "describes impairments the SSA considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers v. Commissioner*, 582 F.3d 647, 653 (6th Cir. 2009) (internal quotations omitted). "Because satisfying the listings yields an automatic determination of disability . . . the evidentiary standards [at step three] . . . are more strenuous than for claims that proceed through the entire five-step evaluation." *Peterson v. Commissioner*, 552 F. App'x 533, 539 (6th Cir. 2014). A claimant bears the burden of demonstrating that he meets or equals a listed impairment at the third step of the sequential evaluation. *Elam*, 348 F.3d at 125.

An impairment that only meets some of the criteria does not satisfy plaintiff's burden. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

It is possible for a claimant to provide evidence of a medical equivalent to a listing. *See Bolton v. Commissioner*, 730 F. App'x 334, (6th Cir. 2018); *see also* 20 C.F.R. § 404.1526. To demonstrate such equivalence, the claimant must present "medical findings equal in severity to all the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. at 531; *see also Thacker v. Social Security Admin.*, 93 F. App'x 725, 728 (6th Cir. 2004) ("When a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency.") (citing *Evans v. Secretary of Health & Human Servs.*, 835 F.2d 161, 164 (6th Cir. 1987)).

Plaintiff did not present any argument to the ALJ claiming that he met or equaled the requirements of any specific listing impairment. His brief and reply brief fail to cite any listing impairment, much less provide a developed argument how plaintiff met or equaled all the requirements of a listing impairment. Plaintiff did not satisfy his burden by ignoring it. *See Curler v. Commissioner*, 561 F. App'x 464, 475 (6th Cir. 2014).

Plaintiff's reliance on SSR 96-6p is misplaced. SSR 17-2p went into effect on March 27, 2017. It rescinded and replaced SSR 96-6p.[1] In SSR 17-2p, the Social

---

[1] Plaintiff is correct that the ALJ cited SSR 96-6p in his opinion. (Reply Brief, 3, PageID.605) (citing Op., 4, PageID.49). Even assuming, however, that SSR 96-6p applied, it would not provide a basis for disturbing the Commissioner's decision.

Security Administration clarified that an ALJ is *not* required to obtain a medical expert's opinion before making a finding that an individual's impairments do not meet or equal a listing impairment:

> At the hearings level of the administrative review process, administrative law judges (ALJ[s]) . . . determine whether an individual's impairment(s) meets or medically equals a listing at step 3 of the sequential evaluation process.
>
> * * *
>
> If an adjudicator at the hearings . . . level believes that the evidence does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, we do not require the adjudicator to obtain [Medical Expert] ME evidence or medical support staff input prior to making a step 3 finding that the individual's impairment(s) does not medically equal a listed impairment.

*Social Security Ruling (SSR 17-2p): Titles II and XVI: Evidence Needed by Adjudicators at the Hearings and Appeals Council Levels of the Administrative Review Process to Make Findings about Medical Equivalence* (reprinted at 2017 WL 3928306, at *3-4 (SSA Mar. 27, 2017); *see also Jammer v. Commissioner*, No. 18-10445, 2019 WL 1372171, at *7 (E.D. Mich. Feb. 22, 2019) ("Defendant is correct that under SSR 17-2p, an ALJ may find that a claimant does not medically equal a listed impairment without the support of a medical opinion[.]").

The ALJ found that plaintiff did not meet or equal the requirements of any listing impairment. (Op., 4, PageID.49). Plaintiff's characterization of the state

---

"This Court has consistently rejected the argument that an ALJ is required to obtain an expert medical opinion on the question of equivalence." *Engelman v. Commissioner*, No. 1:18-cv-760, 2019 WL 2125536, at *3 (W.D. Mich. Apr. 19, 2019) (collecting cases).

agency medical consultant's opinion made at the initial review stage of the administrative process as "outdated" and "incomplete" does nothing to undermine the ALJ's hearing decision.[2]

Plaintiff's references to his January 11, 2016, EMG test results,[3] coupled with his assertions that "it is very well possible that an expert could have found that [his] impairments were equivalent to [an unspecified] listing" (Plf. Brief, 10, PageID.564; Reply Brief, 3, PageID.605), do not approach satisfying his burden. Plaintiff bears the ultimate burden of producing sufficient evidence to show that he is disabled. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *see also Montecalvo v. Commissioner*, 695 F. App'x. 124, 127 (6th Cir. 2017) (The plaintiff's burden "includes supplying medical evidence that substantiates the claim of disability."). Further, as previously noted, a claimant alleging that he meets or equals a listed impairment, "must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency." *Thacker*, 93 F.

---

[2] In SSR 17-2p, the Administration noted that state agency medical consultants consider the evidence available at the initial review stage "and make administrative medical findings about medical issues, including whether an individual's impairment(s) meets or medically equals a listing." 2017 WL 3928306, at *3. Medical consultants are "highly qualified medical sources who are also experts in the evaluation of medical issues in disability claims under the [Social Security] Act." *Id.* On January 28, 2015, the medical consultant reviewed the record and found that plaintiff's impairments did not meet or equal the requirements of any listing impairment. (ECF No. 9-3, PageID.135, 139, 141).

[3] Plaintiff's EMG test results showed "mild chronic right C7 and C8 radiculopathies" and "evidence of mild demyelinating distal bilateral [m]edian sensory mononeuropathy." (ECF No. 9-7, PageID.468).

App'x at 728; *see also Smith-Johnson v. Commissioner*, 579 F. App'x 426, 432 (6th Cir. 2014) ("[T]he claimant must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing.").

I find no basis for disturbing the Commissioner's decision.

**2.**

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence. (Plf. Brief, 12-15, PageID.566-69; Reply Brief, 3-4, PageID.605-06).

RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2); *see Mokbel-Aljahami v. Commissioner*, 732 F. App'x 395, 401-02 (6th Cir. 2018). While the RFC determination is made by the ALJ, an ALJ's RFC determination must be supported by substantial evidence. *Torres v. Commissioner*, 490 F. App'x 748, 754 (6th Cir. 2012).

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because he "failed to consider evidence that contradicts [his] [d]ecison[.]" (Plf. Brief, 12, PageID.566). The ALJ is not required to discuss every piece of evidence in the administrative record. *See Kornecky v. Commissioner*, 167 F. App'x 496, 508 (6th Cir. 2006). Arguments that the ALJ mischaracterized or "cherry picked" the administrative record are frequently made and seldom successful, because "the same process can be described more neutrally as weighing the evidence." *White v. Commissioner*, 572 F.3d 272, 284 (6th Cir. 2009). The narrow scope of judicial review of the Commissioner's final administrative decision does not include re-weighing evidence. *See Ulman v. Commissioner*, 693 F.3d at 713. "The findings of the

Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton*, 246 F.3d at 772. The ALJ's decision provides an accurate summary of the administrative record.

Plaintiff argues that the ALJ failed to build a logical bridge supporting his RFC finding because he made it "without a proper medical opinion addressing the medical evidence in functional terms." (Plf. Brief, 13, PageID.567). Plaintiff had the burden of presenting medical evidence establishing his disability. *See Casey*, 987 F.2d at 1233. The ALJ noted that this record does not include treating medical source statements. (Op., 8, PageID.53). The ALJ considered the medical consultant's opinion that plaintiff was capable of less than a full range of light work, but he gave it only partial weight because the medical consultant lacked access to the complete record and plaintiff's hearing testimony. (*Id.*). The ALJ explained that the RFC restrictions regarding plaintiff's use of his right upper extremity were based on plaintiff's testimony regarding radicular symptoms and grip deficiencies. (*Id.*). "Moreover, while no clinician noted gait or standing limitations, the [ALJ] afforded the [plaintiff] an extreme benefit of a doubt by limiting him to sedentary work[.]" (*Id.*). The ALJ's opinion provides a logical bridge explaining why he found that plaintiff retained the RFC for a limited range of sedentary work.

Plaintiff argues that the RFC is incomplete because the ALJ never considered his use of a cane. (Plf. Brief, 14, PageID.568). He focuses on two instances in the record where cane use is mentioned. On August 11, 2014, plaintiff completed a questionnaire and reported that he could only walk with crutches or a cane. (ECF

No. 9-7, PageID.291). On the same date, a physical therapist noted that plaintiff was using a cane. (*Id.* at PageID.294). Plaintiff argues that "there is no evidence that [he] could perform work if he required the use of a cane." (Plf. Brief, 14, PageID.568).

Plaintiff's burden on appeal is much higher than pointing to evidence on which the ALJ could have made contrary findings. *See Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003). Although the record contains some evidence of temporary cane use, plaintiff's medical records indicate that his gait and muscle strength were normal. (ECF No. 9-7, PageID.352, 400, 416, 426, 434, 443-44, 454; ECF No. 9-8, PageID.488, 499, 513, 528). The ALJ noted the absence of objective evidence supporting the functional restrictions that plaintiff claimed:

> [D]espite claims of severe sitting, stand[ing], walking, and lifting limitations, no objective clinician found on exam deficits to any of the foregoing. Moreover, there were no clinical observations that the claimant had difficulty ambulating, or sitting/standing when being examined.

(Op., 7, PageID.52). Temporary cane use would not warrant an RFC restriction. *See Shoup v. Commissioner*, No. 1:16-cv-581, 2017 WL 2240511, at *4 (W.D. Mich. May 23, 2017). Further, even assuming that this record contained evidence that an acceptable medical source had prescribed cane use, plaintiff has not shown that the RFC restricting him to a limited range of sedentary work would not adequately account for cane use. *See Hall v. Commissioner*, No. 15-cv-11899, 2016 WL 3869936, at *10 (E.D. Mich. June 3, 2016).

Plaintiff's argument that the ALJ's RFC lacks substantial evidence because no physician opined that he was capable of such work does not provide a basis for disturbing the Commissioner's decision. *See Shepard v. Commissioner*, 705 F. App'x

435, 442-43 (6th Cir. 2017); *see also Mokbel-Aljahmi*, 732 F. App'x at 401 ("We have [ ] rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ."). "The ALJ is charged with the responsibility of determining the RFC based on h[is] evaluation of the medical and non-medical evidence." *Rudd v. Commissioner*, 531 F. App'x. 719, 728 (6th Cir. 2013). " '[T]o require the ALJ to base h[is] RFC on a physician's opinion, would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability.' " *Shepard*, 705 F. App'x at 442-43 (quoting *Rudd*, 531 F. App'x at 728). The ALJ did not improperly substitute his "own medical judgment" for that of any medical expert or interpret raw medical data beyond his ability by making an RFC determination. *See Rudd*, 531 F. App'x. at 726-27.

### 3.

Plaintiff's third claim of error is that the ALJ's credibility determination is not supported by substantial evidence. Specifically, he argues that the ALJ committed error in considering the work that plaintiff performed after his alleged onset of disability, in failing to give adequate consideration to the reasons that plaintiff gave for declining physical therapy and medications, and in considering plaintiff's daily activities. (Plf. Brief, 15-18, PageID.569-72; Reply Brief, 4-5, PageID.606-07).

An ALJ's factual findings concerning a claimant's subjective symptoms are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The Court does not make its own credibility

determinations.  *See Walters v. Commissioner*, 127 F.3d at 528.  The Court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed[.]"  *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005).  The Commissioner's findings are reviewed under the "substantial evidence" standard.  This is a "highly deferential standard of review."  *Ulman v. Commissioner*, 693 F.3d at 714.  Claimants challenging the ALJ's findings "face an uphill battle."  *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005).  The Court must accord the ALJ's findings "great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying."  *Jones*, 336 F.3d at 476; *see Buxton v. Halter*, 246 F.3d at 773.

The Sixth Circuit recognizes that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable."  *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007).  The *Rogers* court observed that the ALJ must explain his credibility determination and that the explanation " 'must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.' "[4]  *Id.* (quoting *Policy Interpretation Ruling Titles II and XVI:*

---

[4] SSR 16-3p applies to administrative decisions made on or after March 28, 2016.  *See Social Security Ruling 16-3p Titles II and XVI: Evaluation of Symptoms in Disability Claims* (reprinted at 2017 WL 5180304, at *1, 13 n.27 (SSA Oct. 25, 2017)).  It applies here because the ALJ entered his decision after the effective date.  In SSR 16-3p, the Administration "eliminate[ed] the term credibility from [its] sub-regulatory policy, as [its] regulations do not use the term.  In so doing, [the Administration] clarify[ied] that subjective symptom evaluation is not an examination of the individual's

*Evaluation of Symptoms in Assessing Disability Claims: Assessing the Credibility of an Individual's Statements, SSR 96-7p* (reprinted at 1996 WL 374186, at *4 (SSA July 2, 1996)).

Plaintiff claims error in the ALJ's consideration of the work that plaintiff performed after his alleged onset of disability in making his credibility determination. (Plf. Brief, 15-16, PageID.569-70). "Plaintiff's attempts to work after h[is] alleged onset date, even if the work does not rise to the level of substantial gainful activity, is an appropriate factor to consider." *McCarter v. Berryhill*, No. 3:16-cv-385, 2018 WL 327765, at *6 (E.D. Tenn. Jan. 8, 2018). "It was evidence on which the ALJ could reasonably find that plaintiff's impairments were not as limiting as []he alleged." *Palmer v. Commissioner*, No. 1:17-cv-577, 2018 WL 4346819, at *7 (W.D. Mich. Aug. 9, 2018) (citation and quotation omitted); *see* 20 C.F.R. § 404.1571 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did.").

The ALJ gave adequate consideration to the reasons plaintiff gave for declining physical therapy and medications. Social security regulations make clear that the claimant bears the burden of demonstrating good reasons for his failure to follow prescribed treatment: "If you do not follow the prescribed treatment without good

---

character." *Id.* at 1; *see Dooley v. Commissioner*, 656 F. App'x 113, 119 n.1 (6th Cir. 2016). Although SSR 16-3p superseded SSR 96-7p, little has changed. *See Scobey v. Commissioner*, No. 1:17-cv-987, 2018 WL 4658816, at *11 n.3 (W.D. Mich. Sept. 28, 2018) ("[A]side from this linguistic clarification, the analysis under SSR 16-3p otherwise is identical to that performed under SSR 96-7p.") (citation and quotation omitted).

reason, we will not find you disabled[.]" 20 C.F.R. § 404.1530(b). The Sixth Circuit recognizes that a claimant's failure to follow prescribed treatment is evidence supporting an ALJ's factual finding that the claimant's testimony was not fully credible. *See Sias v. Secretary of Health & Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988); *accord Moore v. Commissioner*, 573 F. App'x 540, 542-43 (6th Cir. 2014).

Plaintiff criticizes the ALJ's consideration of his daily activities. (Plf. Brief, 17-18, PageID.571-72). It was appropriate for the ALJ to take plaintiff's daily activities into account in evaluating plaintiff's symptoms. *See Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). "[T]he ALJ did not equate [p]laintiff's ability to engage in these activities with the ability to perform full time work, but rather found them inconsistent with the severity of his allegations. It was entirely appropriate for the ALJ to do so." *Sanborn v. Commissioner*, 1:16-cv-41, 2016 WL 5859054, at *5 (W.D. Mich. Oct. 7, 2016).

The ALJ's opinion includes a lengthy and detailed explanation of his factual findings regarding plaintiff's symptoms. (Op.,4-8, PageID.49-53). The ALJ's findings regarding plaintiff's symptoms are supported by substantial evidence.

**4.**

Plaintiff's remaining claim of error is that the ALJ's finding at step four of the sequential analysis that plaintiff was capable of performing his past relevant work as a security guard is not supported by substantial evidence. (Plf. Brief, 19-20, PageID.573-74; Reply Brief, 5, PageID.607).

The claimant has the burden of proof at steps one through four of the sequential analysis. *See Longworth v. Commissioner*, 402 F.3d 591, 595 (6th Cir. 2005); *see also Dugan v. Commissioner*, 742 F. App'x 897, 901 (6th Cir. 2018). It was plaintiff's burden at step four to prove that (1) he was unable to perform the functional demands and duties of a past relevant job as plaintiff actually performed it, and (2) he was unable to perform the functional demands and job duties of his occupation as generally required by employers throughout the national economy. *See Garcia v. Secretary of Health & Human Servs.*, 46 F.3d 552, 556-57 (6th Cir. 1995); *Titles II and XVI: The Particular Job or the Occupation as Generally Performed*, SSR 82-61 (S.S.A. 1982) (reprinted at 1982 WL 31387, at *2); *see also Delgado v. Commissioner*, 30 F. App'x 542, 548 (6th Cir. 2002) ("At the fourth step of the sequential evaluation process, [the claimant] must prove that []he is unable to perform h[is] past relevant work and that []he is unable to return to h[is] former type of work as generally performed."). At step four, the ALJ found that plaintiff was not disabled because he was capable of performing his past relevant work as a security guard as plaintiff performed it at the sedentary exertional level. (Op., 8-9, PageID.53-54).

" '[P]ast relevant work,' defined by the regulations as 'work that [a claimant has] done within the past 15 years that was substantial gainful activity, and that lasted long enough for [a claimant] to learn to do it.' " *Quisenberry v. Commissioner*, 757 F. App'x 422, 430 (6th Cir. 2018) (quoting 20 C.F.R. § 404.1560(b)(1)). Plaintiff argues that the ALJ's finding at step four is not supported by substantial evidence

because the work that he performed as a security guard at the sedentary exertional level fell below the level of substantial gainful activity.

Plaintiff worked for Armor Knight Security Inc. (Armor Knight) in 2013 and 2014. (ECF No. 9-2, PageID.82; ECF No. 9-5, PageID.207-08; ECF No. 9-6, PageID.236-38). In January 2014, he earned $1,168. This exceeded the $1,070 per month threshold for substantial gainful activity.[5] *See* https://www.ssa.gov/oact/cola/sga.html (last visited July 30, 2019). Plaintiff's earnings in excess of the monthly threshold established a "rebuttable presumption" of substantial gainful activity. *Bell v. Commissioner*, 105 F.3d 244, 246 (6th Cir. 1996); *see also Blais v. Commissioner*, No. 1:15-cv-0450, 2016 WL 1444348, at *7 (W.D. Mich. Apr. 13, 2016) (Plaintiff's testimony that she "was not truly earning the amounts she was being paid" was "insufficient to rebut the presumption of [substantial gainful activity] SGA."). Plaintiff did rebut the presumption that his work in 2014 as a security guard constituted substantial gainful activity.

Plaintiff cannot avoid the rebuttable presumption by averaging his 2013 and 2014 earnings because different substantial gainful activity thresholds applied each year. *See* 20 C.F.R. § 404.1574a(b) ("If you work over a period of time during which the substantial gainful activity earnings levels change, we will average your earnings separately for each period in which a different substantial gainful activity earnings level applies."); *see also Titles II and XVI: Averaging of Earnings in Determining*

---

[5] Defendant concedes that plaintiff's earnings in 2013 fell below the $1,040 per month threshold for substantial gainful activity. (Def. Brief, 19, ECF No. 17, PageID.600).

*Whether Work is Substantial Gainful Activity*, SSR 83-35 (SSA 1983) (reprinted at 1983 WL 31257, at *4)("When an individual works over a period of time during which the SGA level changes, earnings are not averaged over the entire period of work involved; rather, they are averaged over each period for which a different SGA level applies.").

Plaintiff's argument that there was "no key evidence related to [his] job at Armor Knight" (Plf. Brief, 20, PageID.574) does not provide a basis for disturbing the Commissioner's decision. Plaintiff testified that his work involved sitting at a post and watching two entry doors and that he "didn't have to do any lifting." (ECF No. 9-2, PageID.117). The VE testified that plaintiff performed his security job at Armor Knight at the sedentary exertional level. (*Id.* at PageID.122). The ALJ's step four finding that plaintiff was not disabled because he was capable of performing his past relevant work as a security guard is supported by substantial evidence.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Court affirm the Commissioner's decision.

Dated: August 5, 2019              /s/  Phillip J. Green
                                   PHILLIP J. GREEN
                                   United States Magistrate Judge

**NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIvR 72.3(b).  Failure to file timely and specific objections may constitute a forfeiture of any further right of appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *Berksire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012).  General objections do not suffice.  See *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).